UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CALIFORNIA INTERIORS & DESIGN,<br><br>    Plaintiff,<br><br>    v.<br><br>SENTINEL INSURANCE COMPANY, LTD.,<br><br>    Defendant. | Case No. 23-cv-04956-LB<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE**<br><br>Re: ECF No. 8 |

## INTRODUCTION AND STATEMENT

The plaintiff in this case is a furniture company that owns a large showroom in San Mateo. In December 2022, the plaintiff was forced to cease operations and incurred substantial water damage due to ruptured discharge piping leading from a sump pump. In 2019, the plaintiff suffered an allegedly identical rupture, and its insurance company (the defendant) covered about $493,000 in losses. But this time, the defendant limited coverage to the $15,000 policy limit of the policy's sump-pump-failure provision. The plaintiff asserts six claims, including breach of contract.[1]

---

[1] Compl. – ECF No. 1-1 at 1–21. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-04956-LB

The defendant moved to dismiss some claims under Federal Rule of Civil Procedure 12(b)(6) and to strike others under Rule 12(f). The defendant contends that: (1) claim three for promissory estoppel should be dismissed because California law does not recognize the doctrine of coverage by estoppel; (2) claim six for a violation of California's Unfair Competition Law (UCL) should be dismissed because only equitable relief is available under the UCL but the plaintiff is not entitled to such relief in this breach-of-contract case; (3) the allegations about California Insurance Code § 790.03 should be stricken because California law does not recognize a private right of action under that statute; and (4) the claim for bad-faith denial of insurance coverage should be stricken as redundant of the claim for breach of the implied covenant of good faith and fair dealing.[2]

It is undisputed that the court has diversity jurisdiction.[3] 28 U.S.C. § 1332. All parties consented to magistrate-judge jurisdiction.[4] *Id.* § 636(c). The court held a hearing on December 21, 2023. The court denies the motion to dismiss but grants the motion to strike.

## STANDARDS OF REVIEW

**1. Rule 12(b)(6) Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

---

[2] Mot. – ECF No. 8.

[3] Notice of Removal – ECF No. 1 at 1 (¶ 1).

[4] Consents – ECF Nos. 7, 16.

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves . . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

### 2. Rule 12(f) Motion to Strike

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure. That rule provides: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule 12(f)] motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues

prior to trial." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Striking is appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg.*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

"Impertinence" under Rule 12(f) speaks to the relevance of challenged allegations. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994). Where a movant challenges allegations as impertinent, "[a] court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011). Generally, then, courts grant such a motion "only where 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Rosales*, 882 F. Supp. 2d at 1179 (quoting *Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) (citing in turn *Lilley v. Charren,* 936 F. Supp. 708, 713 (N.D. Cal. 1996)).

"Redundant matter is defined as including a needless repetition of allegations." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014). Thus, "courts utilize Rule 12(f) to strike parts of complaints which are redundant to other causes of action." *Id.*; *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 802 (9th Cir. 1987).

"As a rule, motions to strike are regarded with disfavor because striking is such a drastic remedy; as a result, such motions are infrequently granted." *Amini Innovations Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489–90 (C.D. Cal. 2014) (citing *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012) (citing in turn *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "[W]hen ruling on a motion to strike," the court accepts the challenged allegations as true and "must liberally construe" those allegations "in the light most favorable" to the non-moving pleader. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010); *see, e.g., Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007) ("In determining a motion to strike, a district court must view the pleadings in the light most favorable to the pleader.").

**ANALYSIS**

First, the court denies the motion to dismiss claim three for promissory estoppel. The defendant contends that "California, like most states, does not recognize the doctrine of coverage by estoppel."[5] Claim three is asserted "[i]n the event the [c]ourt finds that there was no agreement based on a meeting of the minds at any time between the parties."[6]

It is true that "the principle[] of estoppel . . . do[es] not operate to extend the coverage of an insurance policy after the liability has been incurred or the loss sustained." *Dollinger DeAnza Assocs. v. Chicago Title Ins. Co.*, 199 Cal. App. 4th 1132, 1154 (2011) (cleaned up). But claims for promissory estoppel can still be viable in insurance cases. "Promissory estoppel uses equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." *CalFarm Ins. Co. v. Krusiewicz*, 131 Cal. App. 4th 273, 286 (2005). That is, a promissory-estoppel claim is a substitute for a breach-of-contract claim and thus does not operate to modify an insurance contract where one exists. Granted, it seems highly unlikely that the parties did not have a valid contract here. *Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451-RMW, 2013 WL 4778140, at *1 (N.D. Cal. Sept. 6, 2013) ("Under California law, a plaintiff cannot state a claim for promissory estoppel where a valid contract, supported by consideration, governs the same subject matter as the alleged promise.") (cleaned up). But cases like *Dollinger* do not mandate dismissal of claim three.

Second, the court denies the motion to dismiss claim six, the UCL claim. The defendant contends that only equitable relief is available under the UCL but the plaintiff is not entitled to such relief in this breach-of-contract case.[7] This is an argument that the plaintiff did not plausibly plead its right to equitable relief because money damages are available. But "there is no binding precedent that holds that pleading equitable restitution in the alternative is improper." *Jeong v. Nexo Fin. LLC*, No. 21-cv-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022). Again,

---

[5] Mot. – ECF No. 8 at 6–7.

[6] Compl. – ECF No. 1-1 at 15 (¶ 41).

[7] Mot. – ECF No. 8 at 7–8.

as a practical matter, the claim will not ultimately succeed if (as appears likely) there is a valid contract under which money damages are available in the event the plaintiff prevails. But that doesn't mean the claim should be dismissed at the pleading stage.

Third, the court grants (with prejudice) the motion to strike "the subparagraphs of paragraph 48 [of the complaint] which refer to violations of [California] Insurance Code § 790.03."[8] The plaintiff's opposition concedes that no private right of action is available under that statute, by arguing only that the conduct in question may independently violate the UCL. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304–05 (1988) (no private right of action under § 790.03).

Fourth, the court grants the motion to strike claim five (for bad-faith investigation of an insurance claim), which is redundant of claim four for breach of the implied covenant of good faith and fair dealing. The plaintiff cites a CACI jury instruction for bad-faith failure to properly investigate a claim.[9] But that instruction "sets forth a claim for breach of the implied covenant of good faith and fair dealing." Judicial Council of California Civil Jury Instructions (2023), CACI No. 2332; *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 722 (2007) (failure to properly investigate can be evidence or a theory supporting a claim for breach of the implied covenant of good faith and fair dealing). The plaintiff may amend the complaint to add failure to investigate as a theory or allegation under claim four.

---

[8] *Id.* at 9.

[9] Opp'n – ECF No. 19 at 9.

# CONCLUSION

The court denies the motion to dismiss and grants the motion to strike. Any amended complaint is due within twenty-eight days and must include as an attachment a blackline compare of the amended complaint against the original complaint.

This resolves ECF No. 8.

**IT IS SO ORDERED.**

Dated: February 19, 2024

LAUREL BEELER
United States Magistrate Judge